UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL WENGELER,<br><br>      Plaintiff,<br>  v.<br><br>JANET YELLEN, et al.,<br><br>      Defendant. | CASE NO. 22-CV-00666-LK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

## I. INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff Carl Wengeler's Complaint, Dkt. No. 7, Motion to Appoint Counsel, Dkt. No. 8, and Motion for Temporary Restraining Order, Dkt. No. 9. Magistrate Judge S. Kate Vaughan granted Mr. Wengeler's application to proceed *in forma pauperis* ("IFP") but recommended screening his complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 6 at 1. Having reviewed the complaint, the record, and the applicable law, the Court dismisses Mr. Wengeler's action without prejudice and denies his motions.

## II. BACKGROUND

Mr. Wengeler has sued Janet Yellen (the Secretary of the Treasury), the Department of the Treasury, the "Office of Controller of Currency,"[1] and Craft3. He alleges that Craft3, a local non-profit lender and Community Development Financial Institution ("CDFI"), twice refused to provide him a $250,000 loan for his "DEI consulting and advising business" due to his race. Dkt. No. 7 at 13. Craft3 declined to approve the loans because Mr. Wengeler, who is currently homeless, lacked adequate collateral, could not provide reasonable assurance of his ability to repay the loans, and was delinquent on existing credit obligations—among other facially neutral criteria. *See id.* at 13–14. Mr. Wengeler nonetheless advances an alternative theory for Craft3's decisions. He claims that Defendants are engaged in a racist conspiracy "to enhanc[e] economic and social inequality" by "using the Department of [the] Treasury to discriminate against [him]." *Id.* at 2; *see also, e.g., id.* at 14 ("All of these organization[s] are refusing to make small business loans in good faith to promote the compliance standards of which they are required and instead have become a financing agency to empower 'socioeconomic 'white' supremacy'[.]").

Mr. Wengeler's causes of action include violation of the Fourteenth Amendment's Equal Protection Clause; "[c]ontract interference"; "[d]eprivation of rights [d]uty to rescue"; violation of Due Process; violation of the Thirteenth Amendment; fraud; violation of the Community Reinvestment Act of 1977; violation of the Equal Credit Opportunity Act; attempted manslaughter; and violation of the Ninth Amendment. *Id.* at 5, 7–9, 11–12. He further contends that Defendants' "mental and psychological abuse and violence" has caused him "severe brain damage" and poses an ongoing "risk of death." *Id.* at 14; *see also id.* at 12 ("Plaintiff has suffered brain damage, heart disease, cancer, gut disease, ptsd and is currently homeless[.]"). Mr. Wengeler therefore seeks

---

[1] The Court surmises that Mr. Wengeler intended to name the Office of the Comptroller of the Currency.

$200 million in damages and a "5 year 1 billion dollar contract to provide advising and consulting for DEI services . . . to the Department of [the] Treasury." *Id.* at 15. He also asks the Court to appoint counsel and issue a temporary restraining order against Defendants. Dkt. Nos. 8, 9.

### III. ANALYSIS

The Court must dismiss an IFP plaintiff's case "at any time" if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all IFP complaints, not just those filed by prisoners). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). And the standard for determining whether a plaintiff has failed to state a claim under section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Id.*

**A.   Mr. Wengeler's Complaint Fails to State a Claim**

Although the Court liberally construes Mr. Wengeler's pleadings, he must still produce "a short and plain statement of [his] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Conclusory statements are not enough. *Iqbal*, 556 U.S. at 678. Nor are legal conclusions couched as factual allegations. *Id*. To avoid dismissal under section 1915(e), then, Mr. Wengeler's claim must have "facial plausibility"; that is, his complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) ("The plausibility of a pleading thus derives from its well-pleaded factual allegations.").

Mr. Wengeler's complaint fails to meet this standard. As an initial matter, he does not

provide the "short and plain" statement that Rule 8 requires. Mr. Wengeler's complaint instead consists of 17 pages of conclusory allegations about how Defendants are abusing the CDFI Program to implement a racist agenda. *See* Fed. R. Civ. P. 8(d)(1) (the allegations "must be simple, concise, and direct"). These "unadorned, the defendant-unlawfully-harmed-me" accusations do not suffice. *Iqbal*, 556 U.S. at 678. Mr. Wengeler fails to supply factual details regarding any defendant other than Craft3, and even then, he does not coherently explain how its conduct violated the law beyond conclusory assertions about systemic racism and white supremacy. *See Whitaker*, 985 F.3d at 1176 (explaining that the complaint in *Iqbal* was "defective" because it included "only conclusory assertions of discrimination without factual allegations that plausibly gave rise to an entitlement of relief"). Racist or discriminatory motives are of course always a possibility. But Mr. Wengeler must offer specific factual allegations for his claims to cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (cleaned up)).

## B.   The Court Declines to Request Appointment of Counsel

Mr. Wengeler also moves for appointment of counsel. Dkt. No. 8. He claims to have consulted 40 attorneys, none of whom were willing to take his case. *Id.* at 2. "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court does, however, have discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances."[2] *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th

---

[2] Although courts often refer to motions under section 1915(e)(1) as motions to appoint counsel, "the statute does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 4

Cir. 2004). The exceptional-circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986). Neither consideration is dispositive, and the Court must view them together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Mr. Wengeler has not shown that either consideration weighs in his favor. First, his complaint "evinces little likelihood of success on the merits[.]" *Kryuchkov v. Spain Street LLC*, No. C19-876-MJP, 2019 WL 2450798, at *2 (W.D. Wash. June 12, 2019). And second, this case does not present the type of legally or factually complex issues that preclude Mr. Wengeler from articulating his claims *pro se*. *See Agyeman*, 390 F.3d at 1103–04 (*pro se* prisoner's meritorious case had "triple complexity" that required skillful framing and advanced legal knowledge of *Bivens* actions, the Federal Tort Claims Act, and the Federal Bureau of Prisons' regulations). That he might more articulately set forth the facts underlying his claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Nor does his unsuccessful struggle to retain private counsel qualify as an exceptional circumstance. *Curbow v. Clintsman*, No. C21-1420-TLF, 2021 WL 5051662, at *1 (W.D. Wash. Nov. 1, 2021).

### C.   Mr. Wengeler Is Not Entitled to Injunctive Relief

Last, Mr. Wengeler moves for a temporary restraining order "[d]ue to the continual ongoing . . . social and economic racialized violence [he] has suffered and endured[.]" Dkt. No. 9 at 1. Because his complaint is deficient, however, he is not entitled to injunctive relief. *See*

---

1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist. Court.*, 490 U.S. 296, 307 (1989) (section 1915(e) does not authorize compulsory appointments).

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 5

*Padayachi v. Indymac Bank*, No. C09-5545-JF, 2010 WL 1460309, at *7 (N.D. Cal. Apr. 9, 2010).

### D. Mr. Wengeler May Amend His Deficient Complaint

The Court will permit Mr. Wengeler an opportunity to cure the deficiencies in his complaint. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)); *Yuzhou Peng v. Microsoft Corp.*, No. 19-CV-639-RAJ, 2019 WL 6310558, at *2 (W.D. Wash. Nov. 25, 2019) (leave to amend "must be granted with extreme liberality"). Accordingly, the Court grants Mr. Wengeler 20 days to file an amended complaint that satisfies the foregoing pleading standard and corrects the identified deficiencies. If Mr. Wengeler fails to timely comply with this Order or fails to file an amended complaint that corrects the noted deficiencies and meets the required pleading standard, the Court will dismiss his complaint with prejudice.

### IV.   CONCLUSION

The Court DENIES Mr. Wengeler's Motion to Appoint Counsel, Dkt. No. 8, and Motion for Temporary Restraining Order, Dkt. No. 9. The Court further DISMISSES Mr. Wengeler's complaint without prejudice and with leave to amend within 20 days of the date of this Order.

The Clerk is directed to send uncertified copies of this Order to Mr. Wengeler at his last known address.

Dated this 3rd day of June, 2022.

Lauren King
United States District Judge