1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL WENGELER,

               Plaintiff,

   v.

JANET YELLEN, et al.,

               Defendant.

CASE NO. 22-CV-00666-LK

ORDER DIMISSING AMENDED
COMPLAINT WITH PREJUDICE

## I.      INTRODUCTION

This matter comes before the Court on Plaintiff Carl Wengeler's Amended Complaint, Dkt. No. 12, and motions for miscellaneous relief, Dkt. Nos. 13–15. Mr. Wengeler is proceeding *pro se* and *in forma pauperis* ("IFP"). On June 3, 2022, the Court dismissed Mr. Wengeler's complaint without prejudice and with leave to amend because he failed to state a claim on which relief can be granted. Dkt. No. 10 at 6; *see* 28 U.S.C. § 1915(e)(2)(B)(ii). Because his amended complaint does not cure the deficiencies in his original complaint, the Court dismisses this case with prejudice. The Court further denies his motions for miscellaneous relief, but notes that its denial

1    of Mr. Wengeler's motion to seal is without prejudice, meaning that he may re-file a motion to

2    seal that addresses the criteria discussed below.

3                                    **II.    DISCUSSION**

4           The Court addresses Mr. Wengeler's amended complaint before turning to his motions for

5    miscellaneous relief.

6    **A.    Mr. Wengeler's Amended Complaint**

7           Federal courts are courts of limited jurisdiction, and they "possess only that power

8    authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

9    377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A.,*

10   *Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The typical bases for federal jurisdiction are

11   established where (1) the complaint presents a federal question "arising under the Constitution,

12   laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different

13   states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

14          The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr*

15   *Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Mr. Wengeler has not met that burden. The

16   amended complaint, even when liberally construed, fails to identify any basis for the Court's

17   jurisdiction. The amended complaint enumerates several perceived errors in the Court's prior

18   dismissal order, Dkt. No. 12 at 2–5, before advancing over 20 pages of discussion about systemic

19   racism and white supremacy, *see id.* at 5–22. For example, Mr. Wengeler asserts that Defendants

20   are engaged in a conspiracy to "enhanc[e] economic and social racial inequality with 'racist'

21   management of governmental powers/personnel and by spending over 100 billion dollars through

22   the Department of [the] Treasury . . . with reckless negligence[.]" Dkt. No. 12 at 5 ("The plaintiff

23   is extremely subjected [sic] to ECONOMIC AND SOCIAL SYSTEMIC RACISM from the US

24   government, private institutions and citizens CAUSING DEPERAVATION [sic] OF RIGHTS via

publicly know[n] DATA and INFORMATION OF THIS NATIONAL HEALTH EMERGENCY CRISIS."). None of this discussion establishes a cause of action properly brought in federal court.

Mr. Wengeler's amended complaint thus fails to state a claim upon which relief can be granted by a federal court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction" over a case, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B.      Mr. Wengeler's Motions for Miscellaneous Relief**

Mr. Wengeler has moved to seal this case, amend his complaint,[1] appoint counsel, and submit additional evidence in support of his motion for a temporary restraining order and preliminary injunction.[2] *See* Dkt. No. 13. The Court addresses these requests in turn.

1.      Motion to Seal

Mr. Wengeler first asks the Court to seal this case but does not identify any specific documents that he claims must be sealed. *See* Dkt. No. 13 at 1. As a general matter, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *accord* LCR 5(g). This presumption is intended to "promot[e] the public's understanding of the judicial process and of significant public events[.]" *Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986). A party seeking to seal court filings thus bears the burden of overcoming this strong presumption. *In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

The standard for determining whether to seal a particular filing turns on the nature of the document or documents at issue. *See Philips N. Am. LLC v. Summit Imaging Inc.*, C19-1745-JLR,

---

[1] The Court treats this as a motion for leave to file a second amended complaint.

[2] Mr. Wengeler has since filed a new motion for a temporary restraining order and preliminary injunction. Dkt. No. 14. The Court therefore denies as moot Mr. Wengeler's request to supplement his original motion for injunctive relief and addresses his new motion below.

2021 WL 1895836, at *1 (W.D. Wash. May 11, 2021). If the document or documents that Mr. Wengeler seeks to seal are "more than tangentially related to the underlying cause of action," Mr. Wengeler must offer "compelling reasons" to seal the document(s). *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). If, on the other hand, the document or documents that Mr. Wengeler seeks to seal are "unrelated to the merits of [the] case," he is only required to show "good cause" to seal the document(s). *Id.* at 1097.

For each document that he requests the Court to seal, Mr. Wengeler must also explain the private or public interests that warrant sealing, the injury that will result if the Court does not grant the motion to seal, and why a less-restrictive alternative is insufficient. *See* LCR 5(g)(3)(B); *B.F. v. Amazon, Inc.*, No. C19-910-RAJ-MLP, 2019 WL 4597492, at *2 (W.D. Wash. Sept. 23, 2019) (the moving party must "actually *explain* the interest that warrants the relief, the injury that will result, and why a less restrictive alternative to sealing the documents is not sufficient after exploring redaction and other alternatives to filing an entire document under seal." (cleaned up)).

Instead, Mr. Wengeler appears to assert a generalized need for privacy "due to [his] representation[s] of racial [in]equity," this case's "special importance to the public,"[3] and "retaliatory potential[.]" Dkt. No. 13 at 1. This falls short under either of the standards set forth above. *See Foltz*, 331 F.3d at 1130 (good cause requires a party to show, for each document, specific prejudice or harm; broad allegations unsupported by specific examples or articulated reasoning do not suffice); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (compelling reasons exists when filings might become a vehicle for improper purposes, such as gratifying spite, promoting public scandal, circulating libel, or releasing trade secrets). The Court therefore finds "no legal or factual basis on which to seal any of the materials" that Mr.

---

[3] Importance to the public is a reason that the submissions should stay unsealed, as they will then be available for the public to view.

ORDER DIMISSING AMENDED COMPLAINT WITH PREJUDICE - 4

Wengeler has filed. *Johnson v. Biden*, No. C21-466-MJP, 2021 WL 1561692, at *1 (W.D. Wash. Apr. 21, 2021).

This motion is denied without prejudice, meaning that Mr. Wengeler may file another motion to seal explaining (1) which documents he would like to seal, (2) the applicable standard (whether a "compelling reason" or "good cause" exists to seal the documents), (3) the private or public interests that warrant sealing, (4) the injury that will result if the Court does not grant the motion to seal, and (5) why a less-restrictive alternative (such as redaction of only certain parts of the document) is insufficient.

    2.  <u>Motion to Amend Complaint</u>

Mr. Wengeler next requests leave to amend his complaint. *See* Dkt. No. 13 at 5. Although the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave "is not to be granted automatically," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), and the Court may deny it if further amendment is futile, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). That is the case here.

Mr. Wengeler has twice failed to articulate a plausible claim for relief that falls within the Court's limited jurisdiction. And while Mr. Wengeler indicates that he wishes to "add more information" to his complaint, he also states that he has already "done [his] best to be clear . . . and present reasonable detail[.]" Dkt. No. 13 at 5. The detail he has provided makes it evident that his claims do not fall within this Court's limited jurisdiction, and it is not plausible that additional information will change that. The Court therefore finds that Mr. Wengeler's complaint cannot "be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). This motion is denied.

    3.  <u>Motion to Appoint Counsel</u>

1    Mr. Wengeler also renews his request for appointment of counsel in these proceedings.

2  Dkt. No. 15. The Court again declines to request appointment of counsel for the reasons discussed

3  in its previous order. *See* Dkt. No. 10 at 4–5.

4        4.   Motion for TRO and Preliminary Injunction

5    Mr. Wengeler last renews his request for a temporary restraining order and preliminary

6  injunction. *See* Dkt. No. 13 at 3, 5; Dkt. No. 14. As previously explained, however, he is not

7  entitled to injunctive relief because his complaint is deficient. Dkt. No. 10 at 5–6 (citing *Padayachi*

8  *v. Indymac Bank*, No. C09-5545-JF, 2010 WL 1460309, at *7 (N.D. Cal. Apr. 9, 2010)). This

9  motion is therefore denied as well.

10              **III.   CONCLUSION**

11   Because a district court must dismiss an action if it "determines at any time that it lacks

12  subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3), the Court stated in its prior order that it would

13  dismiss Mr. Wengeler's case with prejudice unless he "file[d] an amended complaint that

14  correct[ed] the noted deficiencies and me[t] the required pleading standard[.]" Dkt. No. 10 at 6.

15  Accordingly, the Court DISMISSES his amended complaint with prejudice, Dkt. No. 12, and

16  DENIES his motions for miscellaneous relief. Dkt. Nos. 13, 14. With respect to his motion to seal,

17  within 20 days of this Order Mr. Wengeler may file an amended motion that addresses the criteria

18  set forth above.

19   The Clerk is directed to send uncertified copies of this Order to Mr. Wengeler at his last

20  known address.

21   Dated this 24th day of June, 2022.

22

23                   Lauren King
                     United States District Judge
24

ORDER DIMISSING AMENDED COMPLAINT WITH PREJUDICE - 6